# EXHIBIT A

IN THE SUPERIOR COURT OF PULASKI COUNTY
STATE OF GEORGIA

RAINER T. PUISSANT and :
KAYE PUISSANT :
:
Plaintiffs, :
:
v. : CIVIL ACTION FILE
: NO.: 2012V-13909
BANK OF AMERICA HOME LOAN:
SERVICING, LLP   and :
FEDERAL NATIONAL :
MORTGAGE ASSOCIATION :
:
Defendants :
:

## FIRST AMENDED CLASS ACTION COMPLAINT

COME NOW, the Plaintiffs, Rainer and Kaye Puissant, and file this First

Amended Class Action Complaint, on behalf of themselves and all similarly

situated persons as described herein, against the above named Defendants Federal

National Mortgage Association (hereinafter FNMA) and Bank of American Home

Loan Servicing, LLP (hereinafter "BHLS")), showing the Court as follows:

## <u>INTRODUCTION AND PROCEDURAL POSTUER OF CASE</u>

1.

The Plaintiffs herein are Kaye and Rainer Puissant.  They bring this lawsuit

because the Defendants conducted a non-judicial foreclosure on their home and

real property in March of 2011, and the homes of the putative class memebers,

when the Defendants were not authorized by either the terms of the security deeds at issue, the applicable promissory notes, or Georgia law to take such actions and because, even if either or both Defendants were authorized to conduct the non-judicial foreclosures, they nevertheless failed to comply with at least two important legislatively mandated pre-requisites to conducting non-judicial foreclosures in Georgia which, as shown below, thereby renders the foreclosures invalid and wrongful as a matter of law. The Plaintiffs also bring this action because of Defendant FNMA's actions in proceeding forward with an action to evict the Plaintiffs from their property when FNMA knew that the non-judicial foreclosure on that property was not valid.

1a

The Plaintiff's bring this action on their own behalf and on behalf of two classes of similarly situated persons: (1) those persons (a) who, like Plaintiffs, owned real property in the State of Georgia that has been foreclosed upon, non-judicially, by BHLS purporting to act as the property owner's attorney-in fact, and (b) were sent a notice of foreclosure letter by, or by on behalf of BHLS who was not the secured creditor with respect to the residential mortgage loan at issue in the foreclosure, that failed to properly identity the secured creditor and reflect that the notice was being sent by the secured creditor or that it was sent by an entity with authority on behalf of the secured creditor, and (2) those persons (a) who, like

Plaintiffs, owned real property in the State of Georgia that has been foreclosed

upon, non-judicially, by BHLS and (b) wherein at the time it conducted the non-

judicial foreclosure, BHLS was either the grantee of the relevant Deed to Secure

Debt or was the assignee of record of such deed, but was not the secured creditor in

that it was not the owner/holder in due course of the relevant promissory note.

2.

The remedy sought by the Plaintiffs includes the issuance of an Order

declaring that any Deeds Under Power (i.e. Foreclosure Deeds) that have been

executed as concerns the property at issue herein and the properties of the putative

class members, and/or which may have been recorded as a result of the foreclosure

sales which are also at issue herein, are void and of no legal effect and further

ordering that the deeds be removed from the County land records. Additionally,

the Plaintiffs seek an award of money damages to compensate them and each

putative class member for the severe emotional distress they have suffered because

of the wrongful foreclosures on their family home and the constant fear that the

purported "new owner" of the home will have them evicted at any time. The

Plaintiffs also seek an award of punitive damages to punish and deter the

Defendants and others from similar conduct in the future. And, Plaintiffs seek an

award of attorney's fees and costs both as a damage that was caused by the

Defendants' wrongful foreclosure (Plaintiffs have been forced to spend money to

hire an attorney to obtain a Court Order to reform the title to their property) and as a separate claim brought pursuant to OCGA 13-6-11.

## THE PROPERTY AND THE PARTIES

3.

The real property that is the subject of this Complaint is commonly known as 52 Golf Course Road, Hawkinsville, Georgia 31036.

4.

Ranier and Kaye Puissant are the legal and equitable owners of the real Property that is the subject of the dispute complained about herein and they are residents of Pulaski County, Georgia.

5.

Federal National Mortgage Association (hereinafter FNMA) was aware at the time of the foreclosure sale that BHLS was not the assignee of the Security Deed at issue herein and thus did not possess the power of sale and never been the owner or holder in due course of the promissory note at issue. FNMA nevertheless instructed its Agent, BNMA to proceed with a foreclosure it knew was without authority and predicated upon notices which contained false information.

6.

FNMA directed its Agent BHLS to conduct the nonjudicial foreclosure on the Puissants' home in a manner that would hide the identity of the secured

creditor and FNMA did so knowing that BHLS lacked the statutory and contractual authority to undertake such actions.

7.

FNMA was aware at the time of the foreclosure sale of the that BHLS was not, and never has been, a secured creditor with respect to the Puissants' mortgage and thus the representation made in the notice of foreclosure that was sent by BHLS that it was the creditor or owner or holder of the promissory note was knowingly false.

8.

Because of the above false representation and because the notice sent to the Plaintiff did not identify the secured creditor, FNMA and BHLS failed to comply with the notice requirements of OCGA 44-14-162.2 and the foreclosure action taken by BHLS (and FNMA) is, pursuant to OCGA 44-14-162, invalid as a matter of law.

## JURISDICTION AND VENUE

9.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant to the Georgia Constitution.

10.

Venue in this court is proper in that the named Plaintiffs reside within

Pulaski County and the property that is the subject of this Complaint is located in

Pulaski County and the Defendant are located within Pulaski County.

## FACTUAL ALLEGATIONS

11.

The Plaintiffs' home, i.e the property at issue herein, is located at 52 Golf

Course Road, Hawkinsville, Georgia 31036.

12.

On or about March 1, 2011 Bank of America Home Loans Servicing,

secretly acting on behalf of and at the behest of FNMA, claims to have auctioned

the Puissants' property at a non-judicial foreclosure sale .

13.

BHLS executed and recorded on the Pulaski County land records a

Foreclosure Deed wherein a claims to have obtained the authority to act as attorney

in fact for the Puissants and to exercise the power of sale by way of an assignment

of the security deed from Countrywide Home Loans who apparently had been

assigned the security deed from the original lender Accredited Home Lenders, Inc..

14.

The Foreclosure Deed lists BHLS as the purchaser of the Puissants' property at the auction.

15.

Simultaneous with the execution of the Foreclosure Deed, BHLS also executed a special warranty deed wherein it purported to convey the property to FNMA

16.

The foreclosure actions of BHLS, acting at the behest of, and on behalf of FNMA, were unlawful and invalid for two fundamental reasons. First, neither BHLS nor FNMA, acting through BHLS, had authority to foreclose on the Plaintiffs' home because BHLS was not the assignee of the Security Deed at issue herein and thus did not possess the power of sale.

17.

The Foreclosure Deed recorded by BHLS, acting at the behest of and on behalf of FNMA, points to an assignment of the security deed from Countrywide to BHLS, recorded at Bk 259, Pg 864, as the basis upon which its claimed authority to exercise the power of sale rests.

18.

The document to which BHLS points, and upon which BHLS relies as having authorized BHLS to exercise the power of sale, an alleged "assignment of note and security deed" from Countrywide Home Loans, Inc. to BHLS, however, actually conveys nothing to BHLS. The document does not effectively convey either the security deed or the note from Countrywide Home Loans to BHLS because it simultaneously purports to convey the same interests in the deed, note and property to itself. Because of the conflicting assignments of the same interests in the same deed, note and property to differing parties, the assignment effectively conveyed nothing to BHLS.

19.

The "assignment" lists Countrywide Home Loans as the "Assignor" and BHLS as the "Assignee." The first seven lines of the "assignment" read as if there is to be a conveyance of the Deed, note and property from Countywide to BHLS. However, beginning on line eight the document references an assignment to "said assignor (Countrywide) which included all of Assignee's (BHLS) right, title and interest in and to the said Deed, the property therein described and the indebtedness secured."

20.

Because the document, in the same sentence, both purports to assign the note, deed and property to BHLS and also assign the same note, deed and property to itself and not BHLS, there has been not effective assignment of the security deed, and thus no assignment of the power of sale to BHLS.

21.

BHLS thus was without authority to conduct the foreclosure sale of the Puissants' home and BHLS and FNMA are therefore liable to the Puissant's for all damages caused thereby and the foreclosure must be set aside and both the foreclosure deed from BHLS to BHLS and the special warranty deed from BHLS to FNMA must be stricken from the County land records.

22.

FNMA was not an innocent third-party purchaser of the property at issue herein as the conveyance of the property from BHLS to FNMA was not the result of an arms length transaction between the two as can be seen from the fact that FNMA paid no money for the property, BHLS was in all likelihood the servicer on the Puissant's loan for FNMA, and BHLS "purchased" the property at the auction on behalf of, and for the benefit of FNMA.

23.

The foreclosure actions of BHLS, acting at the behest of and on behalf of FNMA, were also unlawful and the non-judicial foreclosure is invalid, because BHLS did not own/hold the Puissant's note and has never been the secured creditor on the loan. That is, the foreclosure BHLS conducted was wrongful and is not valid because in Georgia one most hold/own the Promissory Note in order to conduct a non-judicial foreclosure and also, a notice of the non-judicial foreclosure is required by OCGA 44-14-162.2 to be sent to the debtor by the secured creditor or, at a minimum the notice must inform the debtor of the identity of the secured creditor.

24.

Since the Puissant's were not sent a notice of the foreclosure that complied with OCGA 44-14-162.2, the non-judicial foreclosure at issue herein must be declared invalid as a matter of law as set forth in OCGA 44-14-161.

25.

Shortly after BHLS, on behalf of and at the behest of FNMA, unlawfully conducted a non-judicial foreclosure on the home of Rainer and Kaye Puissant, FNMA filed an action which seeks to evict the Plaintiffs from the property. Plaintiffs are subject to being thrown out of their home and off of their property at any time.

26.

As a result of the Defendants' above identified actions, Plaintiffs and the putative class members have suffered severe emotional distress and anger and sadness and their actions forced Plaintiffs to expend time, energy and resources to deal with this foreclosure that never should have taken place. As a result the Defendants are jointly and severally liable to Plaintiffs and the putative class members in an amount to be determined at trial. Furthermore, the Defendants' above described actions were taken in bad faith and they have acted in a stubbornly litigious manner and have caused Plaintiffs unnecessary trouble and expense such that the Defendants are liable to the Plaintiffs for the costs and attorney's fees associated with the bringing of this action and in defense of the dispossessory action.

## CLASS ACTION ALLEGATIONS

26.

The class of persons sought to be represented by the named Plaintiffs is so numerous that joinder of all members is impracticable, as Plaintiffs believe there are thousands of putative plaintiffs in Georgia who were subject to the same policies and practices of BHLS that are identified above which BHLS took in the non-judicial foreclosure process in regards to the sending of notices of foreclosure to debtors that failed to identify to true secured creditor.

27.

Questions of law and fact implicated in this action are common to the named Plaintiff and the class of persons they seek to represent.

28.

The claims of the named Plaintiffs are typical of the claims of the class of persons he seeks to represent.

29.

The named representative Plaintiffs will fairly and adequately represent the interests of the class of persons they seek to represent and they have engaged capable counsel experienced in conducting class litigation.

30.

The prosecution of separate actions by individual members of the class would create a risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

31.

Defendants have acted on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

32.

The interests of individual members of the class in individually controlling the prosecution of potential individual claims are minimal in light of the defenses that would or might be interposed and that would be applicable to the claims of the class as a whole.

33.

There are no particular difficulties that are likely to be encountered in the management of this case due to it being afforded class action status.

34.

All questions presented in this case—both of law and fact -- are common to the members of the class and predominate over any questions affecting only individual members of the class.

35.

A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I

## WRONGFUL FORECLOSURE AS A MATTER OF LAW

## FORECLOSURE INVALID BY OPERATION OF OCGA 44-14-162

36.

The Plaintiffs, on behalf of themselves and the putative class members, incorporate by this specific reference the preceding paragraphs of this Complaint as if stated fully herein.

37.

Under Georgia law, no sale of real estate under powers contained in security deeds are valid unless the sale is advertised and conducted at the time and place and in the usual manner of the sheriff's sales in the county in which such real estate or a part thereof is located and unless notice of the sale is given as required by Code Section 44-14-162.2.

38.

BHLS, acting at the behest of and on behalf of FNMA, had no right to proceed with a foreclosure and non-judicial sale of the Plaintiff's' property, nor the properties of the putative plaintiffs, as proper notice of the sales was not given as required by OCGA 44-14-162.2. The letter sent to the Plaintiff, and those sent to the putative Class members, which were sent on BHLS's behalf, did not comply with the requirements of OCGA 44-14-162.2.

39.

According to O.C.G.A. 44-14-162 the foreclosure sales of the Plaintiff's

property, and the properties of the putative class members, are not valid by

operation of law and this Court must issue an order that declares that the deeds

under power (i.e. foreclosure deeds) that were prepared as a result of invalid non-

judicial sales of the Plaintiff's property, and the properties of the putative class

members, are VOID and which restores title as it existed just prior to the invalid

foreclosure sales.

## COUNT II

## WRONGFUL FORECLOSURE AS A TORT

40.

The Plaintiff, on behalf of themselves and the putative class members,

incorporates by this specific reference the preceding paragraphs of this Complaint

as if stated fully herein.

41.

In Georgia there exists a statutory duty upon a mortgagee to exercise fairly

and in good faith the power of sale in a deed to secure debt. Although arising from

a contractual right, breach of this duty is a tort compensable at law. Clark v. West,

196 Ga. App. 456, 395 S.E.2d 884 (1990).

42.

Because of any one of the reasons identified above, including but not limited

to (1) the fact that no notice meeting the requirements of OCGA 44-14-162.2 was

sent to the Plaintiffs, or to the putative class members, by the secured creditor or

which identified the secured creditor, and because (2) the fact that BHLS was not a

holder in due course of the promissory note, whether standing alone or together,

BHLS's and FNMA's actions in foreclosing on, and selling at a non-judicial

auction, the property of the Plaintiff, and the properties of the putative class

members, constitutes the tort of wrongful foreclosure.

43.

BHLS, acting at the behest of and with the approval of FNMA, chose to

proceed with the non-judicial sale of the Plaintiff's property and the properties of

the putative class members, even though both knew or should have known BHLS

lacked authority to act as attorney in fact for the Plaintiff and the putative class

members and that BHLS lacked the authority to exercise the power of sale.

BHLS's and FNMA's actions were willful and wanton and exercised with a

complete disregard for the consequences, such that the plaintiff and the putative

class members are entitled to an award of punitive damages.

44.

BHLS's and FNMA's above described actions constitute the tort of

wrongful foreclosure under Georgia law entitling the Plaintiff and the putative

class members to recover from BHLS and FNMA all damages that were caused by

each of their tortuous conduct, including damages for severe emotional distress and

for punitive damages and attorneys' fees.

## COUNT III

## EQUITABLE RELIEF

45.

The Plaintiff, on behalf of himself and the putative class members,

incorporates by this specific reference the preceding paragraphs of this Complaint

as if stated fully herein.

46.

Because of any one of the reasons identified above the Plaintiff and the

members of the putative class are entitled to an Order that declares that the

foreclosure actions that BHLS and FNMA took that make up the subject matter of

this Complaint resulted in the wrongful foreclosure of the Plaintiff's property, and

the properties of the putative class members, and that declares that the deed(s)

under power (i.e. foreclosure deed) that was/were prepared as a result of the invalid

non-judicial sales of the Plaintiff's property, and the properties of the putative class

members, are VOID and which restores title as it existed just prior to the invalid

foreclosure sales, thus reversing said foreclosure sales and returning the parties to

their respective positions and holding their respective interests in the Property as

they existed prior to the foreclosure sale.

## COUNT IV

## PUNTITIVE DAMAGES

47.

The Plaintiffs incorporate, on behalf of themselves and on behalf of the

putative class members, by this specific reference the preceding paragraphs of this

Complaint as if stated fully herein.

48.

With respect to the named Plaintiffs, and certain putative class plaintiffs, 30

days or more before the foreclosure sale of the Plaintiffs' property and the property

of those putative class plaintiffs, BHLS, acting at the behest of and on behalf of

FNMA, sent or caused to be sent a knowingly false and defective notice of

foreclosure letter that did not comply with O.C.G.A. § 44-14-162.2 and which

included knowingly false information that was intended to mislead the Plaintiffs

and the putative class plaintiffs into believing that the statutory notice requirements

were being complied with and into believing that BHLS had authority to foreclose

on the property.

49.

As a direct and proximate result of BHLS's and FNMA's flagrant disregard of the rights of the Plaintiff and the putative class members as explained in detail above, Plaintiff and the putative class members should be awarded punitive damages pursuant to O.C.G.A. § 51-12-5.1 for BHLS's and FNMA's willful misconduct, malice, fraud and wantonness in an amount to be proved at trial.

## COUNT V

## ATTORNEY'S FEES

50.

The Plaintiff incorporates, on behalf of himself and on behalf of the putative class members, by this specific reference, the preceding paragraphs of this Complaint as if stated fully herein.

51.

BHLS's and FNMA's above described actions give rise to this claim for attorneys' fees under Georgia law as BHLS and FNMA have acted in bad faith and has been stubbornly litigious such that the Plaintiff and the putative class members are entitled to recovery of the attorney's fees associated with bringing this action

WHEREFORE, Plaintiff demands a trial by jury and requests that the Court award the following relief:

a. Certify that this action be allowed to proceed as a Class Action and for the Plaintiff and each putative class member grant relief as follows:

b. Declare each foreclosure invalid and declare the foreclosure deeds void and of no force or effect;

c. Declare the Plaintiff and putative class members the legal and equitable owner of the Properties at issue for each putative class member and the Plaintiff;

d. Actual damages and statutory damages to Plaintiff and putative class members and against Defendants;

e. Punitive damages against Defendants;

f. Attorneys' fees, litigation expenses and costs of suit to the Plaintiff, the putative class members and their attorneys;

g. Such other and further relief as the Court deems just and proper.

Respectfully submitted this 13th day of September, 2012.

David C. Ates
State Bar No. 026281

DAVID ATES, P.C.
805 Peachtree Street, NE, #613
Atlanta, Georgia 30308

IN THE SUPERIOR COURT OF PULASKI COUNTY
STATE OF GEORGIA

RAINER T. PUISSANT and   :
KAYE PUISSANT   :
  :
   Plaintiffs,   :
  :
  :
v.   :   CIVIL ACTION FILE
  :   NO.: 2012V-13909
BANK OF AMERICA HOME LOAN:
SERVICING, LLP   and   :
FEDERAL NATIONAL   :
MORTGAGE ASSOCIATION   :
  :
   Defendants   :
  :

## CERTIFICATE OF SERVICE

This is to certify that I have this day served counsel for the opposing party with a copy of the within and foregoing **Plaintiff's First Amended Complaint** by U.S. Mail, in a properly addressed envelope, addressed as follows:

Bank of America Home Loan Service, LLP
Through its registered agent:
CT Corporation System
1201 Peachtree Street, NE
Atlanta, Georgia 30361

Federal National Mortgage Association
President and CEO Michael J. William
3900 Wisconsin Avenue, NW
Washington DC 20016-2892

Dated this 13th day of September, 2012.

David C. Ates
State Bar No. 026281

DAVID ATES, P.C.
805 Peachtree Street, NE, Suite 613
Atlanta, Georgia 30308

Dated this 13th day of September, 2012.

David C. Ates
State Bar No. 026281

DAVID ATES, P.C.
805 Peachtree Street, NE, Suite 613
Atlanta, Georgia 30308



IN THE SUPERIOR COURT OF PULASKI COUNTY
STATE OF GEORGIA

RAINER T. PUISSANT and        :
KAYE PUISSANT                 :
                              :
      Plaintiffs,             :
                              :
                              :
v.                            :     CIVIL ACTION FILE
                              :     NO.: 2012V - 13909
                              :
BANK OF AMERICA HOME LOAN:
SERVICING, LLP    and         :
FEDERAL NATIONAL              :
MORTGAGE ASSOCIATION          :
                              :
      Defendants              :
                              :

## COMPLAINT

COME NOW, the Plaintiffs, Rainer and Kaye Puissant, and file this

Complaint against the above named Defendants Federal National Mortgage

Association (hereinafter FNMA) and Bank of American Home Loan Servicing,

LLP (hereinafter "BHLS")), showing the Court as follows:

### INTRODUCTION AND PROCEDURAL POSTUER OF CASE

1.

The Plaintiffs herein are Kaye and Rainer Puissant. They bring this lawsuit

because the Defendants conducted a non-judicial foreclosure on their home and

real property in March of 2011 when the Defendants were not authorized by either

the terms of the security deed at issue, the applicable promissory note, or Georgia

law to take such action and because, even if either or both Defendants were

authorized to conduct the non-judicial foreclosure, they nevertheless failed to

comply with at least two important legislatively mandated pre-requisites to

conducting non-judicial foreclosures in Georgia which, as shown below, thereby

renders the foreclosure invalid and wrongful as a matter of law.  The Plaintiffs also

bring this action because of Defendant FNMA's actions in proceeding forward

with an action to evict the Plaintiffs from their property when FNMA knew that the

non-judicial foreclosure on that property was not valid.

2.

The remedy sought by the Plaintiffs includes the issuance of an Order

declaring that any Deed Under Power (i.e. Foreclosure Deed) that has been

executed as concerns the property at issue herein, and/or which may have been

recorded as a result of the foreclosure sale which is also at issue herein, is void and

of no legal effect and further ordering that the deed be removed from the County

land records.  Additionally, the Plaintiffs seek an award of money damages to

compensate them for the severe emotional distress they have suffered because of

the wrongful foreclosure on their family home and the constant fear that the

purported "new owner" of the home will have them evicted at any time.  The

Plaintiffs also seek an award of punitive damages to punish and deter the

Defendants and others from similar conduct in the future.  And, Plaintiffs seek an

award of attorney's fees and costs both as a damage that was caused by the

Defendants' wrongful foreclosure (Plaintiffs have been forced to spend money to

hire an attorney to obtain a Court Order to reform the title to their property) and as

a separate claim brought pursuant to OCGA 13-6-11.

## THE PROPERTY AND THE PARTIES

### 3.

The real property that is the subject of this Complaint is commonly known

as 52 Golf Course Road, Hawkinsville, Georgia 31036.

### 4.

Ranier and Kaye Puissant are the legal and equitable owners of the real

Property that is the subject of the dispute complained about herein and they are

residents of Pulaski County, Georgia.

### 5.

Federal National Mortgage Association (hereinafter FNMA) was aware

at the time of the foreclosure sale that BHLS was not the assignee of the Security

Deed  at issue herein and thus did not possess the power of sale and never been the

owner or holder in due course of the promissory note at issue.  FNMA nevertheless

instructed its Agent, BNMA to proceed with a foreclosure it knew was without

authority and predicated upon notices which contained false information.

6.

FNMA directed its Agent BHLS to conduct the nonjudicial foreclosure on the Puissants' home in a manner that would hide the identity of the secured creditor and FNMA did so knowing that BHLS lacked the statutory and contractual authority to undertake such actions.

7.

FNMA was aware at the time of the foreclosure sale of the that BHLS was not, and never has been, a secured creditor with respect to the Puissants' mortgage and thus the representation made in the notice of foreclosure that was sent by BHLS that it was the creditor or owner or holder of the promissory note was knowingly false.

8.

Because of the above false representation and because the notice sent to the Plaintiff did not identify the secured creditor, FNMA and BHLS failed to comply with the notice requirements of OCGA 44-14-162.2 and the foreclosure action taken by BHLS (and FNMA) is, pursuant to OCGA 44-14-162, invalid as a matter of law.

**JURISDICTION AND VENUE**

9.

The court has jurisdiction to grant the relief sought by Plaintiff pursuant

to the Georgia Constitution.

10.

Venue in this court is proper in that the named Plaintiffs reside within

Pulaski County and the property that is the subject of this Complaint is located in

Pulaski County and the Defendant are located within Pulaski County.

## FACTUAL ALLEGATIONS

11.

The Plaintiffs' home, i.e the property at issue herein, is located at 52 Golf

Course Road, Hawkinsville, Georgia 31036.

12.

On or about March 1, 2011 Bank of America Home Loans Servicing,

secretly acting on behalf of and at the behest of FNMA, claims to have auctioned

the Puissants' property at a non-judicial foreclosure sale .

13.

BHLS executed and recorded on the Pulaski County land records a

Foreclosure Deed wherein a claims to have obtained the authority to act as attorney

in fact for the Puissants and to exercise the power of sale by way of an assignment

of the security deed from Countrywide Home Loans who apparently had been

assigned the security deed from the original lender Accredited Home Lenders, Inc..

14.

The Foreclosure Deed lists BHLS as the purchaser of the Puissants' property at the auction.

15.

Simultaneous with the execution of the Foreclosure Deed, BHLS also executed a special warranty deed wherein it purported to convey the property to FNMA

16.

The foreclosure actions of BHLS, acting at the behest of, and on behalf of FNMA, were unlawful and invalid for two fundamental reasons. First, neither BHLS nor FNMA, acting through BHLS, had authority to foreclose on the Plaintiffs' home because BHLS was not the assignee of the Security Deed at issue herein and thus did not possess the power of sale.

17.

The Foreclosure Deed recorded by BHLS, acting at the behest of and on behalf of FNMA, points to an assignment of the security deed from Countrywide to BHLS, recorded at Bk 259, Pg 864, as the basis upon which its claimed authority to exercise the power of sale rests.

18.

The document to which BHLS points, and upon which BHLS relies as

having authorized BHLS to exercise the power of sale, an alleged "assignement of

note and security deed" from Coutrywide Home Loans, Inc. to BHLS, however,

actually conveys nothing to BHLS.  The document does not effectively convey

either the security deed or the note from Countrywide Home Loans to BHLS

because it simultaneously purports to convey the same interests in the deed, note

and property to itself.  Because of the conflicingt assignments of the same interests

in the same deed, note and property to differing parties, the assignment effectively

conveyed nothing to BHLS.

19.

The "assignment" lists Countrywise Home Loans as the "Assignor" and

BHLS as the "Assignee."  The first seven lines of the "assignment" read as if there

is to be a conveyance of the Deed, note and property from Countywide to BHLS.

However, beginning on line eight the document references an assignment to "said

assignor (Countrywide) which included all of Assignee's (BHLS) right, title and

interest in and to the said Deed, the property therein described and the

indebtedness secured."

20.

Because the document, in the same sentence, both purports to assign the note, deed and property to BHLS and also assign the same note, deed and property to itself and not BHLS, there has been not effective assignment of the security deed, and thus no assignment of the power of sale to BHLS.

21.

BHLS thus was without authority to conduct the foreclosure sale of the Puissants' home and BHLS and FNMA are therefore liable to the Puissant's for all damages caused thereby and the foreclosure must be set aside and both the foreclosure deed from BHLS to BHLS and the special warranty deed from BHLS to FNMA must be stricken from the County land records.

22.

FNMA was not an innocent third-party purchaser of the property at issue herein as the conveyance of the property from BHLS to FNMA was not the result of an arms length transaction between the two as can be seen from the fact that FNMA paid no money for the property, BHLS was in all likelihood the servicer on the Puissant's loan for FNMA, and BHLS "purchased" the property at the auction on behalf of, and for the benefit of FNMA.

23.

The foreclosure actions of BHLS, acting at the behest of and on behalf of

FNMA, were also unlawful and the non-judicial foreclosure is invalid, because

BHLS did not own/hold the Puissant's note and has never been the secured creditor

on the loan.  That is, the foreclosure BHLS conducted was wrongful and is not

valid because in Georgia one most hold/own the Promissory Note in order to

conduct a non-judicial foreclosure and also, a notice of the non-judicial foreclosure

is required by OCGA 44-14-162.2 to be sent to the debtor by the secured creditor

or, at a minimum the notice must inform the debtor of the identity of the secured

creditor.

24.

Since the Puissant's were not sent a notice of the foreclosure that complied

with OCGA 44-14-162.2, the non-judicial foreclosure at issue herein must be

declared invalid as a matter of law as set forth in OCGA 44-14-161.

25.

Shortly after BHLS, on behalf of and at the behest of FNMA, unlawfully

conducted a non-judicial foreclosure on the home of Rainer and Kaye Puissant,

FNMA filed an action which seeks to evict the Plaintiffs from the property.

Plaintiffs are subject to being thrown out of their home and off of their property at

any time.

WHEREFORE, Plaintiff demands a trial by jury and requests that the Court award the following relief:

a.  Declare the foreclosure invalid and declare the foreclosure deed void and of no force or effect;

b.  Declare the Plaintiffs the legal and equitable owner of the Property;

c.  Actual damages and statutory damages to Plaintiffs and against Defendants;

d.  Punitive damages against Defendants;

e.  Attorneys' fees, litigation expenses and costs of suit to the Plaintiffs and their attorneys;

f.  Such other and further relief as the Court deems just and proper.

Respectfully submitted this 24th day of July, 2012.

David C. Ates
State Bar No. 026281

DAVID ATES, P.C.
805 Peachtree Street, NE, #613
Atlanta, Georgia 30308

*Service*

# General Civil Case Filing Information Form (Non-Domestic)

**Court**       **County** PULASKI       **Date Filed** _____
☑ **Superior**                                                  MM-DD-YYYY
☐ **State**           **Docket #** _____

| **Plaintiff(s)** | | | | | | **Defendant(s)** | | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|
| PUISSANT, RAINER T. | | | | | | BANK OF AMERICA HOME LOAN SERVICIN | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Maiden | Last | First | Middle I. | Suffix | Prefix | Maiden |
| PUISSANT, KAYE | | | | | | FEDERAL NATIONAL MORTGAGE ASSOC. | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Maiden | Last | First | Middle I. | Suffix | Prefix | Maiden |
| | | | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Maiden | Last | First | Middle I. | Suffix | Prefix | Maiden |
| | | | | | | | | | | | |
| Last | First | Middle I. | Suffix | Prefix | Maiden | Last | First | Middle I. | Suffix | Prefix | Maiden |

**No. of Plaintiffs** 2 _____           **No. of Defendants** 2 _____

**Plaintiff/Petitioner's Attorney**      ☐ **Pro Se**

ATES, DAVID C.
_____
Last          First          Middle I.    Suffix

**Bar #** 026281 _____

---

**Check Primary Type (Check only ONE)**

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Personal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgment Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☐ Tort (If tort, fill in right column)

☑ Other General Civil Specify _____

    wrongful foreclosure

---

**If Tort is Case Type:**
(Check no more than **TWO**)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☐ Other Specify _____

_____

**Are Punitive Damages Pleaded?** ☐ Yes ☐ No

# SHERIFF'S ENTRY OF SERVICE

Civil Action No. *2012V-13909*

Date Filed *7/5/12*

| Superior Court | ☑ | Magistrate Court | ☐ |
| State Court | ☐ | Probate Court | ☐ |
| Juvenile Court | ☐ | | |

Georgia, *Dekalb* COUNTY

*Wirner & Hoye Puissant*

_____
Plaintiff

VS.

*Bank of America Home Loans Servicing*

_____
Defendant

**Attorney's Address**

*David Ates, P.C.*
*5675 Peachtree Dr. NE*
*Suite 615*
*Atlanta, GA 30308*

Name and Address of Party to be Served.

*Bank of America Home Loan Servicing*
*thru by its registered agent CT Corp.*
*1201 Peachtree St. NE*
*Atlanta, GA 30361*

_____
Garnishee

## SHERIFF'S ENTRY OF SERVICE

**PERSONAL** ☐

I have this day served the defendant _____ personally with a copy of the within action and summons.

**NOTORIOUS** ☐

I have this day served the defendant _____ by leaving a copy of the action and summons at his most notorious place of abode in this County.

Delivered same into hands of _____ described as follows: age, about _____ years; weight _____ pounds; height, about _____ feet and _____ inches, domiciled at the residence of defendant.

**CORPORATION** ☑

Served the defendant *Bank of America Home Loan Service* a corporation by leaving a copy of the within action and summons with *Rudene Rambert CT Corp* in charge of the office and place of doing business of said Corporation in this County.

**TACK & MAIL** ☐

I have this day served the above styled affidavit and summons on the defendant(s) by posting a copy of the same to the door of the premises designated in said affidavit, and on the same day of such posting by depositing a true copy of same in the United States Mail, First Class, in an envelope properly addressed to the defendant(s) at the address shown in said summons, with adequate postage affixed theron containing notice to the defendant(s) to answer said summons at the place stated in the summons.

**NON EST** ☐

Diligent search made and defendant _____ not to be found in the jurisdiction of this Court.

This *28* day of *Aug*, 20 *12*

_____
DEPUTY

SHERIFF DOCKET _____ PAGE _____

WHITE - CLERK   CANARY - PLANTIFF   PINK - DEFENDANT

*service*

## IN THE SUPERIOR COURT OF PULASKI   COUNTY

### STATE OF GEORGIA

**RAINER T. PUISSANT**

**and**

**KAYE PUISSANT**

                    PLAINTIFF

CIVIL ACTION
NUMBER: _2012V-13909_

                    VS.

Bank of America Home Loan Servicing, LLP

                    DEFENDANT

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

   You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

   **David C. Ates**
   **DAVID ATES, P.C.**
   **805 Peachtree Street, NE, Suite 613, Atlanta, Georgia 30308**

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This _25th_ day of _July_ _____, 20 _12_

_____
Clerk of Superior Court

By _Peggy J. Fausett_
          Deputy Clerk

**INSTRUCTIONS: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.**

SC-1 Rev. 2011