IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RAINER T. PUISSANT and KAYE PUISSANT, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | )  CIVIL ACTION NO. 5:12-CV-388(MTT) ) |
| BANK OF AMERICA HOME LOAN SERVICING, LLP and FEDERAL NATIONAL MORTGAGE ASSOCIATION, | ) ) ) ) ) |
| Defendants. | ) ) |

## ORDER

This matter is before the Court on the Defendants' motion for judgment on the pleadings (Doc. 22) and the Plaintiffs' motion to amend their complaint (Doc. 25). For the following reasons, the Defendants' motion for judgment on the pleadings is **GRANTED** and the Plaintiffs' motion to amend is **DENIED**.

### I. FACTUAL AND PROCEDURAL BACKGROUND[1]

On August 15, 2001, Plaintiff Rainer T. Puissant executed a security deed in favor of Accredited Home Lenders, Inc., securing property located at 52 Golf Course Road, Hawkinsville, Georgia in the event of a default on a promissory note he

---

[1] When considering a motion for judgment on the pleadings, the Court assumes all factual allegations contained in the complaint are true. *See Hart v. Hodges*, 587 F.3d 1288, 1290n.1 (11th Cir. 2009).

obtained.[2]  (Docs. 1-2 at ¶ 11, 13; 22-2 at 2-4).  The security deed identifies Accredited Home Lenders as the lender of the funds due on the promissory note and as the grantee of the security deed.  (Doc. 22-2 at 3).  Additionally, the security deed conveys the property, along with a power of sale, to "Lender and Lender's successors and assigns" in the event of a default on the promissory note.  (Doc. 22-2 at 4).

After Accredited Home Lenders assigned the security deed to Countrywide Home Loans, Countrywide purportedly assigned it to Defendant BAC Home Loan Servicing, LP (now Bank of America, N.A. ("BANA") as successor by merger).  (Doc. 1-2 at ¶¶ 13, 17).  The Plaintiffs contend the assignment to BANA was ineffective because the "document, in the same sentence, both purports to assign the note, deed and property to [BANA] and also assign the same note, deed and property to [Countrywide]."  (Doc. 1-2 at ¶ 20).

On or about March 1, 2011, BANA conducted a non-judicial foreclosure sale of the Plaintiffs' property.[3]  (Doc. 1-2 at ¶ 12).  The Plaintiffs contend BANA was "secretly acting on behalf of and at the behest of" Defendant Federal National Mortgage Association ("Fannie Mae").  (Doc. 1-2 at ¶ 12).  BANA executed and recorded a foreclosure deed listing itself as the purchaser of the Plaintiffs' property and simultaneously executed and recorded a special warranty deed conveying the property to Fannie Mae.  (Doc. 1-2 at ¶¶ 13-15).

---

[2] The Court may consider the security deed in ruling on the Defendants' motion without converting it into a motion for summary judgment because it is central to the Plaintiffs' claims and its authenticity is not disputed.  See Horsley v. Feldt, 304 F.3d 1125, 1134 (11th Cir. 2002).

[3] Neither the complaint nor the proposed amended complaint states whether the Plaintiffs were current on their loan payments.

The Plaintiffs originally sued the Defendants in the Superior Court of Pulaski County, Georgia. On September 27, 2012, the Defendants removed the case to this Court. (Doc. 1). Prior to removal, the Plaintiffs amended their complaint to add class claims. The first amended class action complaint alleges wrongful foreclosure pursuant to O.C.G.A. § 44-14-162 and wrongful foreclosure as a tort and seeks equitable relief, actual and statutory damages, punitive damages, and attorneys' fees. (Doc. 1-2).

Discovery was stayed beginning December 10, 2012 pending the Georgia Supreme Court rulings in *Reese v. Provident Funding Associates, LLP*, 317 Ga. App. 353, 730 S.E.2d 551 (2012), *vacated and remanded*, No. S12C2028 (Ga. May 20, 2013) and *You v. JP Morgan Chase Bank, N.A.*, 293 Ga. 67, 743 S.E.2d 428 (2013). (Doc. 17). The stay was lifted June 12, 2013 after the Georgia Supreme Court ruled, and the Defendants were given 30 days to file a motion to dismiss. (Doc. 21).

The Defendants moved for judgment on the pleadings, and the Plaintiffs responded. (Docs. 22, 23). Before the Defendants replied, the Plaintiffs moved to amend their complaint in light of *You* and attached their proposed second amended class action complaint. (Doc. 25). The Defendants have opposed the motion to amend, contending amendment is futile because it fails to correct the complaint's deficiencies and would be subject to dismissal for failure to state a claim. (Doc. 27). The Plaintiffs failed to reply to the Defendants' response in opposition to their motion.

## II. DISCUSSION

### A. Legal Standards

#### 1. Motion for Judgment on the Pleadings

Pursuant to Fed. R. Civ. P. 12(c), "[a]fter the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." "Judgment on the pleadings is appropriate when there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Douglas Asphalt Co. v. Qore, Inc.*, 541 F.3d 1269, 1273 (11th Cir. 2008) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir. 2001)). "A motion for judgment on the pleadings is subject to the same standard as is a Rule 12(b)(6) motion to dismiss." *Provident Mut. Life Ins. Co. of Philadelphia v. City of Atlanta*, 864 F. Supp. 1274, 1278 (N.D. Ga. 1994).

To avoid dismissal pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual matter to "'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "At the motion to dismiss stage, all well-pleaded facts are accepted as true, and the reasonable inferences therefrom are construed in the light most favorable to the plaintiff." *Garfield v. NDC Health Corp.*, 466 F.3d 1255, 1261 (11th Cir. 2006) (internal quotation marks and citation omitted). However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "[C]onclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal." *Oxford Asset Mgmt., Ltd. v. Jaharis*, 297 F.3d 1182, 1188 (11th Cir.

2002).  The complaint must "give the defendant fair notice of what the … claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (internal quotation marks and citation omitted).  Where there are dispositive issues of law, a court may dismiss a claim regardless of the alleged facts.  *Marshall Cnty. Bd. of Educ. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

### 2. Motion to Amend

Pursuant to Fed. R. Civ. P. 15(a)(2), leave to amend should be "freely give[n] ... when justice so requires."  The Court "need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile."  *Bryant v. Dupree*, 252 F.3d 1161, 1163 (11th Cir. 2001) (citing *Foman v. Davis*, 371 U.S. 178, 182 (1962)).  "[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal."  *Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1263 (11th Cir. 2004) (internal quotations marks and citation omitted).

## B. Plaintiffs' Claims

### 1. Complaint

The Plaintiffs contend BANA's non-judicial foreclosure on their home and the homes of putative class members is invalid for three reasons: 1) BANA had no authority to foreclose on the Plaintiffs' home because it did not have a valid assignment of the security deed and thus did not possess the power of sale (asserted solely on behalf of the named Plaintiffs), 2) the foreclosure notice failed to comply with O.C.G.A. § 44-14-162.2 because it was not sent by the secured creditor and did not identify the secured

creditor, and 3) BANA lacked the authority to foreclose because it was not the holder of the promissory note at the time of the non-judicial foreclosure sale.

In response to the Defendants' motion for judgment on the pleadings, the Plaintiffs concede their second and third theories of wrongful foreclosure are no longer viable in light of the Georgia Supreme Court's decision in *You*.[4]  *See* 293 Ga. at 74-75, 743 S.E.2d at 433-34.  This leaves the Plaintiffs' individual claim that BANA's non-judicial foreclosure on their home was invalid due to a deficiency in the assignment granting BANA the power of sale.

Because the Plaintiffs were not parties to the assignment of the security deed from Countrywide to BANA, they do not have standing to challenge its validity.  *See Montgomery v. Bank of Am.*, 321 Ga. App. 343, 346, 740 S.E.2d 434, 438 (2013); *Woodberry v. Bank of Am., N.A.*, 2012 WL 113658 at *2 (N.D. Ga.) (citing *Haldi v. Piedmont Nephrology Assocs.*, 283 Ga. App. 321, 322, 641, S.E.2d 298 (2007)).  In *Montgomery*, the Georgia Court of Appeals explains that an assignment of a security deed is a contract between the assignor and the assignee and that the proper party to bring a claim challenging its validity is the other party to the assignment.  321 Ga. App at 346, 710 S.E.2d at 438; *see also Edward v. BAC Home Loans Servicing, L.P.*, --- F. App'x ---, 2013 WL 4400102 at *2 (11th Cir.) (applying *Montgomery* and holding borrowers lacked standing to challenge the transfer of their security deed).

The Plaintiffs argue there is an exception under Georgia law permitting debtors to challenge an assignment if their challenge goes to the assignee's title.  In support of their argument, the Plaintiffs cite *Austell Bank v. Nat'l Bondholders Corp.*, 188 Ga. 757,

---

[4] The Plaintiffs also express their intention to amend their complaint and add another theory of wrongful foreclosure, which the Court addresses below.

-6-

4 S.E.2d 913 (1939); *Carter v. Haralson*, 146 Ga. 282, 91 S.E. 88 (1916); *Bruce v. Neal Bank*, 134 Ga. 364, 67 S.E. 819 (1910); and *685 Penn, LLC v. Stabilis Fund I, LP*, 316 Ga. App. 210, 728 S.E.2d 840 (2012).  However, these cases are not that broad.  In *Austell Bank*, the Georgia Supreme Court ruled that "[i]n a suit instituted by a person claiming to be the owner and holder of a promissory note, for the purpose of recovering thereon against the maker and another person alleged to have assumed the debt, it is permissible for the latter to inquire into the plaintiff's title to the note, if necessary either for his protection or to let in any valid defense which he seeks to make."  188 Ga. at 758, 4 S.E.2d at 914.  The reason for allowing the defense is "[p]ayment of a negotiable promissory note to a supposed transferee holding it by virtue of a forged indorsement will not protect the maker against payment to the true owner."  *Carter*, 146 Ga. at 282(a), 91 S.E. at 88(a).

This case clearly does not fit into the narrow circumstances where Georgia courts have allowed defendants to challenge the validity of the signature on the instrument or assignment in actions to collect on negotiable instruments.  Further, Georgia courts and other courts applying Georgia law have consistently held mortgagors do not have standing to challenge the assignment of their security deeds. *See Montgomery*, 321 Ga. App. at 346, 740 S.E.2d at 438; *Moore v. McCalla Raymer, LLC*, 916 F. Supp. 2d 1332, 1343-44 (N.D. Ga. 2013) (cataloging cases).[5]

---

[5] Even if the Plaintiffs were permitted to challenge the assignment, their challenge is without merit.  The first sentence of the assignment, attached to the Defendants' motion for judgment on the pleadings, begins: "Countrywide Home Loans, Inc. (hereinafter referred to as "Assignor") hereby sells, assigns, transfers, sets over and conveys without recourse unto BAC Home Loans Servicing, LP … (hereinafter referred to as "Assignee") … that certain Security Deed … executed by Rainer T. Puissant to Accredited Home Lenders, Inc. and dated August 15, 2001." (Doc. 22-4 at 2).  The assignment then goes on to transpose the words "Assignor" and "Assignee:" "the notes evidencing said indebtedness having this day been transferred and

### 2. Proposed Amended Complaint

In their proposed amended complaint (hereinafter simply the "amended complaint"), the Plaintiffs again assert claims of wrongful foreclosure pursuant to O.C.G.A. § 44-14-162 and wrongful foreclosure as a tort and seek equitable relief, actual and statutory damages, punitive damages, and attorneys' fees.  First, the amended complaint reasserts their individual claim for wrongful foreclosure based on the alleged deficiency of the security deed assignment from Countrywide to BANA.  For the reasons discussed above, this claim would still be subject to dismissal.  The amended complaint adds that, even if the Court determines the assignment is valid, the error in the assignment "chilled the sale," but the Plaintiffs fail to allege any facts to support this conclusory allegation.  (Doc. 25-1 at ¶ 1).

As an alternative to the other theories of wrongful foreclosure in the complaint, the Plaintiffs allege the notice of foreclosure sent by BANA failed to satisfy the requirements of O.C.G.A. § 44-14-162.2 because it incorrectly named BANA as the entity with the "full authority to negotiate, amend, and modify all terms of the mortgage."  The Plaintiffs contend Fannie Mae was the entity with the requisite authority and that, as the servicer of Fannie Mae's loans, BANA had only limited authority to negotiate, amend, or modify the terms of those loans.   (Doc. 25-1 ¶¶ 35, 37-38).

---

assigned to the said *Assignor* together with all of *Assignee's* right, title and interest … and the said *Assignor* is hereby subrogated to all the rights, powers, privileges and securities vested in *Assignee* under and by virtue of the aforesaid Security Deed."  (Doc. 22-4 at 2) (emphasis added).  This is an obvious typographical error; there would be no point in Countrywide executing and recording an assignment to itself of an interest it already has.  *See Benedict v. Snead*, 271 Ga. 585, 586, 519 S.E.2d 905, 906 (1999) ("[A] scrivener's error should not be permitted to defeat the clear intention of the parties, as otherwise evidenced by the entirety of the contract.").

"Where a foreclosing creditor fails to comply with the statutory duty to provide notice of sale to the debtor in accordance with OCGA § 44-14-162 *et seq.*, the debtor may either seek to set aside the foreclosure or sue for damages for the tort of wrongful foreclosure." *Roylston v. Bank of Am., N.A.*, 290 Ga. App. 556, 559, 660 S.E.2d 412, 417 (2008) (citing *Calhoun First Nat. Bank v. Dickens*, 264 Ga. 285, 285-286, 443 S.E.2d 837 (1994)). "Georgia law requires a plaintiff asserting a claim of wrongful foreclosure to establish a legal duty owed to it by the foreclosing party, a breach of that duty, a causal connection between the breach of that duty and the injury sustained, and damages." *Heritage Creek Dev. Corp. v. Colonial Bank*, 268 Ga. App. 369, 371, 601 S.E.2d 842, 844 (2004). "[E]ven where a borrower has established duty and breach of duty, it still needs to show a causal connection between the defective notice and the alleged injury." *Id.* at 845. The Plaintiffs must also establish a violation of Georgia's foreclosure statutes. *Harris v. Chase Home Fin., LLC*, 524 F. App'x 590, 592 (11th Cir. 2013) (citing *McCarter v. Bankers Trust Co.*, 247 Ga. App. 129, 543 S.E.2d 755, 758 (2000)).[6]

The Plaintiffs' amended complaint fails to state a violation of O.C.G.A. § 44-14-162.2 because the notice sent by BANA substantially complied with the statute. O.C.G.A. § 44-14-162.2 provides, in relevant part, that notice of a non-judicial foreclosure sale "shall be given to the debtor by the secured creditor no later than 30 days before the date of the proposed foreclosure … [,] shall be in writing, [and] shall include the name, address, and telephone number of the individual or entity who shall have full authority to negotiate, amend, and modify all terms of the mortgage with the

---

[6] Though the Plaintiffs also separately assert wrongful foreclosure as a matter of law pursuant to O.C.G.A. § 44-14-162, there does not appear to be such a cause of action under Georgia law.

debtor." Though the Georgia Supreme Court in *You* declined to decide whether substantial compliance with § 44-14-162.2 would suffice in light of their answers to the other certified questions,[7] the Georgia Court of Appeals has held substantial compliance with § 44-14-162.2 suffices.

In *TKW Partners, LLC v. Archer Capital Fund, L.P.*, the Court of Appeals held the lender's notice to the debtor that included the name of its attorney was sufficient for purposes of § 44-14-162.2 because the debtor was "apprised of the appropriate contact information for [the lender] if [the debtor] wished to pursue a modification of the security deed." 302 Ga. App. 443, 446, 691 S.E.2d 300, 303 (2010). Similarly, the court held in *Stowers v. Branch Banking &Trust Co.* that notice including the name of the lender's attorney—who it was undisputed did not have the full authority to modify the terms of the debtor's loan obligation—substantially complied with the statute because the attorney "was authorized to receive communications from the debtor, to convey them to the bank, to make recommendations, and to convey the bank's position to the debtor." 317 Ga. App. 893, 895, 731 S.E.2d 367, 369 (2012). The Eleventh Circuit also recently upheld the district court's determination that notice was sufficient for purposes of § 44-14-162.2 when it included the name of the loan servicer as opposed to the holder of the plaintiffs' debt and rejected the plaintiffs' argument that "Freddie Mac, as the holder of the promissory note, was the entity with [the full authority to modify the terms of the loan]." *Harris*, 524 F. App'x at 593; *see also Carr v. U.S. Bank, N.A.*, ___ F. App'x ___, 2013 WL 4267640 at *3 (11th Cir.) ("[The debtor's] two notice letters include the name, address, and telephone number of the loan servicer and instruct [the debtor] to contact

---

[7] *See You*, 293 Ga. at 75, 743 S.E.2d at 434 ("Because the third certified question is conditioned on an affirmative answer to the second question, we need not, and do not, reach it.").

the loan servicer if he has servicing questions or if he intends to pay the full amount, and are thus in compliance with Georgia law.").

According to the allegations of the amended complaint, the limitation BANA had regarding modification of the Plaintiffs' loan was that BANA would have to get approval from Fannie Mae, the entity with the full authority to modify the loan terms, for certain types of modifications. (Doc. 25-1 at ¶¶ 35, 37-38).[8] Further, the Plaintiffs repeatedly allege BANA was acting at the behest of Fannie Mae when conducting the non-judicial foreclosure sale and was Fannie Mae's agent. (Doc. 25-1 at ¶¶ 7-9, 14, 18). In fact, the Plaintiffs' basis for including Fannie Mae as a defendant appears to be Fannie Mae's knowledge of BANA's activities based on an agency relationship. (Doc. 25-1 at ¶ 8-9, 24). Thus, like the notices in *TKW Partners* and *Stowers*, the notice the Plaintiffs received gave them the appropriate contact information for modification of their loan because BANA could either personally modify the loan or get approval from Fannie Mae to do so. Therefore, the notice substantially complied with O.C.G.A. § 44-14-162.2.[9]

---

[8] The amended complaint reads:

> Bank of America can only modify loans/mortgages for those debtors that meet certain qualification requirements and even for those persons the servicer, such as Bank of America in this instance, can only make limited modifications. It [sic] the debtor does not meet the qualification requirements or needs a modification that does not fall within the authority granted to the servicer pursuant to [Fannie Mae's] servicing rules the servicer must, in each case, get specific approval from [Fannie Mae] before it can do such a modification.

(Doc. 25-1 at ¶ 38).

[9] The Defendants also contend the Plaintiffs have failed to plead causation for the tort of wrongful foreclosure. The Defendants argue that because the Plaintiffs have failed to allege payment or tender of the amount due on the loan, any damages the Plaintiffs suffered were caused by their own default, as opposed to any conduct on the part of the Defendants. Because the Plaintiffs have not alleged a violation of Georgia's non-judicial foreclosure statutes or a breach of any other duty, however, they have failed to state a claim for wrongful foreclosure as a tort and the Court need not reach this contention.

The amended complaint also fails to state a claim for equitable relief because it does not allege payment or tender of the amount due on the loan. "Under Georgia law, a debtor who executes a security deed and defaults on a loan cannot enjoin foreclosure, or otherwise obtain equitable relief to cancel the deed, unless the debtor has first paid or tendered the amount due on the loan." *Edward*, 2013 WL 4400102 at * 3 (citing *Taylor, Bean & Whitaker Mortg. Corp. v. Brown*, 276 Ga. 848, 583 S.E.2d 844, 846 (2003)). The tender requirement also applies to a debtor seeking to set aside a non-judicial foreclosure sale that has already taken place. *See Smith v. Citizens & S. Fin. Corp.*, 245 Ga. 850, 852, 268 S.E.2d 157, 159 (1980) (holding appellants were not entitled to set aside a sale under power when they had not tendered the indebtedness); *Hill v. Filsoof*, 274 Ga. App. 474, 475, 618 S.E.2d 12, 14 (2005) ("Before one who has given a deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, and injunction to prevent interference with the debtor's possession of the property conveyed by the deed, he must pay or tender to the creditor the amount of principal and interest due." (internal quotation marks and citation omitted)).

In response to a similar argument in the Defendants' motion for judgment on the pleadings,[10] the Plaintiffs contend there is no tender requirement in this case because they did not owe a debt to BANA and because they are not seeking to cancel the underlying debt. However, the cases the Plaintiffs cite are inapposite. In *Everson v. Franklin Discount Co.*, the plaintiffs were not required to first tender payment of the debt to seek reformation of an insurance contract because the loan at issue would have been

---

[10] As noted above, the Plaintiffs did not reply to the Defendants' response in opposition to their motion to amend.

discharged under the insurance policy but for the alleged fraud of the insurer and the lender. 248 Ga. 811, 813, 285 S.E.2d 530, 533 (1982). The claim went to the validity of the debt itself. Similarly, in *Sapp v. ABC Credit & Investment Co.*, tender was excused because whether any sums were due under the note in question was at issue. 243 Ga. 151, 158, 253 S.E.2d 82, 87 (1979).[11]  As the Plaintiffs note in their response to the Defendants' motion for judgment on the pleadings, they are not challenging the underlying debt. According to the Plaintiffs, "[t]o the extent [they] are successful on their wrongful foreclosure claims, title will simply revert to the state in which it existed pre-foreclosure and re-foreclosure could take place as long as it were conducted in accordance with the notice requirements imposed by Georgia law." (Doc. 23 at 9). Because the amended complaint fails to state a claim for equitable relief or wrongful foreclosure, the claims for punitive damages and attorneys' fees are also subject to dismissal.

### III. CONCLUSION

Because the complaint and the amended complaint both fail to state a claim upon which relief can be granted, the Defendants' motion for judgment on the pleadings (Doc. 22) is **GRANTED**, and the Plaintiffs' motion to amend (Doc. 25) is **DENIED**.

**SO ORDERED**, this 5th day of December, 2013.

S/ Marc T. Treadwell
MARC T. TREADWELL, JUDGE
UNITED STATES DISTRICT COURT

---

[11] Specifically, the plaintiffs were alleging the note at issue was a renewal of notes that were void under the Georgia Industrial Loan Act. *Id.*